**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**ANTHONY REVIERE**                                   **CIVIL ACTION**


**VERSUS**                                            **NO: 07-3573**


**CENTRAL FIREWORKS, LLC, ET AL.**                    **SECTION: "H"(5)**


## ORDER AND REASONS

The Court now examines subject matter jurisdiction *sua sponte*.  Plaintiffs have failed to adequately plead diversity jurisdiction.  Accordingly, Plaintiffs shall amend their Complaint to correct this jurisdictional defect within 20 days of the entry of this Order.


## BACKGROUND

This is a products liability action filed by Plaintiffs Anthony Reviere and Melissa Reviere against numerous entities and their alleged insurers.  The only Defendants remaining are Central Fireworks, LLC, ("Central Fireworks"), Winco Fireworks International, LLC, ("Winco Fireworks"),

Asia Pyrotechnics, Inc., ("Asia Pyrotechnics"), and Lexington Insurance Company ("Lexington").

## LAW AND ANALYSIS

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Subject matter jurisdiction in this case is premised upon diversity of citizenship. *See* 28 U.S.C. § 1332. Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted). In this matter, the burden of proving complete diversity lies with Plaintiffs. *See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted). To carry this burden, Plaintiffs must "distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (alteration in original) (internal quotation marks and citations omitted). Thus, this Court analyzes the jurisdictional facts alleged as to Central Fireworks, Winco Fireworks, Asia Pyrotechnics, and Lexington to determine

2

whether Plaintiffs have met their burden.[1]

For purposes of diversity jurisdiction, a foreign corporation is deemed a citizen of the country in which it was incorporated and of any state in the United States in which its principle place of business is located. *Panalpina Welttransport GMBH v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985). A party's citizenship "cannot be established argumentatively or by mere inference." *Illinois Cent. Gulf R.R. Co.*, *v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks and footnote omitted). Thus, "[i]n cases involving corporations, allegations of citizenship *must* set forth the state of incorporation as well as the principal place of business for each corporation." *Getty Oil*, 841 F.2d at 1259 (emphasis added) (citation omitted). Plaintiffs' allegation

---

[1] It is axiomatic that the existence of diversity jurisdiction *vel non* is measured "against the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004). Thus, "[w]here there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." *Conolly v. Taylor*, 27 U.S. 556, 565 (1829). Courts have interpreted this "no change of party" language to allow plaintiffs to retroactively establish jurisdiction by dismissing non-diverse parties. For example, in *Finn v. American Fire & Casualty Co.*, the plaintiff filed suit against three parties, one of whom was non-diverse. 207 F.2d 113, 114 (5th Cir. 1953). The case was removed to federal court, and judgment was eventually entered against one of the defendants. *Id.* On certiorari, the Supreme Court held that the case was improperly removed to federal court and instructed the district court to vacate the judgment and, "if no further steps were taken by any party to affect [the court's] jurisdiction, to remand the case to . . . state court." *Id.* The federal district court subsequently allowed the plaintiff to dismiss the non-diverse defendant. *Id.* On appeal, the Fifth Circuit cited *Connolly* and held that the district court had retroactively perfected its jurisdiction. *Id. See also In re Motor Fuel Temperature Sales Practices Litig.*, No. MDL 1840, 2013 WL 3283859, at *4 (D. Kan. June 28, 2013) (finding that "[c]ourts have applied [*Connolly*] to allow plaintiffs to perfect jurisdiction by dropping parties"); *Cont'l Data Sys., Inc. v. Exxon Corp.*, 638 F. Supp. 432, 441 (E.D. Pa. 1986) ("[N]othing prevents a plaintiff from dismissing claims against non-diverse defendants, to create diversity jurisdiction. It is the facts as they existed when the suit was filed, rather than the parties to the action, which may not be manipulated to create diversity jurisdiction.") (citation omitted). Given the foregoing, the Court need only ascertain the citizenship of the remaining parties in determining the existence of complete diversity.

that Asia Pyrotechnics is a "Chinese company . . . based in China" does not meet this requirement. (*See* R. Doc. 112 ¶ 1.)

Unlike corporations, the "citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wold Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). Accordingly, Plaintiffs "must list the citizenship of each member of each limited liability company to properly allege diversity of jurisdiction." *Bona Fide Demolition & Recovery, LLC v. Crosby Constr. Co. of Louisiana, Inc.*, No. 07–3115, 2009 WL 413504, at *1 (E.D. La. Feb. 18, 2009) (citations omitted); *see also Pyramid Transp., Inc. v. Greatwide Dallas Mavis, LLC*, No. 3:12–CV–0149–D, 2013 WL 840664, at *6 (N.D. Tex. Mar. 7, 2013) ("The citizenship of each member of a limited liability company must be alleged.") (citations omitted); *Toney v. Knauf Gips KG*, No. 12–638–JJB–SCR, 2012 WL 5923960, at *1 (M.D. La. Oct. 25, 2012) ("[T]o properly allege the citizenship of a limited liability company . . . the party asserting jurisdiction must identify each of the entity's members . . . and the citizenship of each [member].") (internal footnote and citations omitted).

Central Fireworks and Winco Fireworks are both LLCs. Plaintiffs have failed to allege the membership of each LLC, much less the citizenship of those members. Accordingly, the Court cannot determine the citizenship of Central Fireworks or Winco Fireworks.

The final Defendant remaining in this matter is identified in Plaintiffs' Complaint as "Lexington Insurance Company, a foreign insurance company." (R. Doc. 83 ¶ 1.) Plaintiff does not

allege whether Lexington is incorporated.   The test for determining the citizenship of an incorporated entity differs from that of a non-incorporated entity.  *See* 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."); *Royal Ins. Co. of Am. v. Quinn–L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (" [A]n unincorporated association is considered to have the citizenship of its members.").   Accordingly, Plaintiffs have failed to adequately plead the citizenship of Lexington.

Plaintiffs' failure to properly allege the citizenship of the remaining Defendants is not fatal.  *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).  28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  A district court's decision to permit amendment under § 1653 turns on the nature of the jurisdictional defect.  *Whitmire*, 212 F.3d at 888 (citations omitted).   Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653." *Id.*  Thus, for example, amendment should be allowed where "'diversity jurisdiction was not questioned by the parties and there is no suggestion in the record that it does not in fact exist.'"  *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 806 (5th Cir. 1991) (quoting *Leigh v. Nat'l Aeronautics & Space Admin.*, 860 F.2d 652, 653 (5th Cir. 1988)).  If, on the other hand, the record reveals that jurisdiction did not exist *ab initio*, § 1653 is unavailable.  *See Whitmire*, 225 F.3d at 888 ("The danger against which a court must guard is that a party will attempt to use § 1653 to

5

retroactively create subject matter jurisdiction.") (citations omitted).

The record in this matter does not reveal, nor has any party argued, that diversity jurisdiction is not present.  Accordingly, Plaintiffs are granted leave to amend their Complaint to allege "distinctly and affirmatively" the jurisdictional facts that give rise to diversity jurisdiction.

**CONCLUSION**

For the reasons previously stated, the Court finds that Plaintiffs have failed to adequately allege diversity of citizenship.  Plaintiffs are granted leave to amend their Complaint within 20 days from the entry of this Order.  Failure to file timely an amended complaint will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana, on this 11th day of October, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**